IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILFREDO GOMEZ**, individually and on behalf of others similarly situated, | ) ) ) | Case No. 1:23-cv-00348 |
| Plaintiff, | ) ) ) | Judge Charles Esque Fleming |
| vs. | ) ) | **ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT** |
| **ATHENS FOODS, INC.**, | ) ) ) | |
| Defendant. | ) | |

Plaintiff Wilfred Gomez ("Plaintiff") and Defendant Athens Foods, Inc. ("Defendant") (collectively, the "Parties") have moved the Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and Ohio law, to approve the requested Service Award (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement ("Joint Motion")), and to approve Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Agreement).

Having reviewed the Agreement, as well as the Parties' Joint Motion, the declarations appended thereto, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby approves settlement of the wage and hour claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On February 23, 2023, Plaintiff filed this case (the "Lawsuit" or the "Action") against Defendant individually and on behalf of other allegedly similarly situated current and former hourly production employees. In the Action, Plaintiff alleged that Defendant failed to compensate hourly production employees for time spent donning and doffing sanitary clothing, washing their hands, and associated travel and wait times, all required by federal food safety regulations, resulting in unpaid overtime for those working more than 40 hours a week..

3. On April 18, 2023, Defendant filed its Answer in which it denied all liability, and Defendant continues to deny any liability.

4. To avoid the burden, expense, risks and uncertainty of litigation, the Parties engaged in settlement discussions, with the Parties jointly requesting extensions to conduct further investigation and engage in mediation with third-party neutral, Michael Ungar. The case was stayed multiple times to allow for these efforts, including continuing to investigate timekeeping issues and refine damages models.

5. In advance of mediation, Defendant provided Plaintiffs' Counsel time and pay data for the putative collective/class, from which a damages model was created and shared with the mediator and Defendant's Counsel. The model served as a basis for settlement negotiations.

6. On October 8, 2024, the Parties filed their notice of settlement.

7. The Agreement provides for collective-wide settlement, notice to Eligible Settlement Participants, and distribution to Opt-In Party Plaintiffs as outlined in the Agreement, along with its Exhibits A and B.

8. Settlement of FLSA claims is subject to approval by the Court.

9. The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims. Settlement was facilitated by a third-party neutral.

10. Plaintiffs' Counsel performed a calculated expected value, and the total settlement amount exceeded the calculated expected value, according to Plaintiffs' Counsel's risk analysis models. Judge Posner writing for a Seventh Circuit panel concluded that an EV is the proper method for determining the fairness of a class settlement: "A settlement is fair to the plaintiffs in a substantive sense…if it gives them the expected value of their claim if it went to trial…." *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (explaining an EV calculation where a settlement of $7 million or more would be justified even where theoretical damages not accounting for compounded risk of loss could be up to $1 billion).

11. Accordingly, the Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) as outlined in the Agreement. For purposes of this Approval Order, the Court further incorporates by reference the terms and definitions as set forth in the Agreement.

12. The Court approves the content, form, and distribution of the Notice of Settlement and Claim Form to all Eligible Settlement Participants as outlined in the Agreement.

13. The Court approves the Service Award for Plaintiff in recognition of, and in consideration for, his substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members, as provided in the Agreement.

14. The Court approves the payment of Plaintiffs' Counsel's attorneys' fees and expenses as provided in the Agreement. Plaintiffs' Counsel has significant experience litigation

wage and hour cases, and fees of one-third (1/3) of common fund are typical for FLSA collective actions in this District.

15. The Court orders that payments from the Global Settlement Fund, including Service Award, Plaintiffs' Counsel's attorneys' fees and costs, distributions to Opt-In Party Plaintiffs, and settlement administration costs be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

16. The Court dismisses, with prejudice, the claims of the Plaintiff, individually and on behalf of the Opt-In Party Plaintiffs, as provided in the Agreement.

17. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

18. The Court retains jurisdiction over the Action to enforce the terms of the Agreement.

IT IS SO ORDERED this 12th day of November, 2024.

*Charles Fleming*
_____
CHARLES ESQUE FLEMING
UNITED STATES DISTRICT COURT JUDGE